IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL DOCKET NO. 5:17-cr-00390 |
| | : | |
| EDWIN PAWLOWSKI | : | HONORABLE JUAN R. SANCHEZ |

**MOTION TO COMPEL POST CONVICTION
DISCOVERY / BRADY MATERIAL**

**AND NOW**, the Defendant, Edwin Pawlowski, by and through counsel, Jack McMahon, Esquire, hereby submits this Motion to compel post conviction discovery / Brady material and avers the following:

1. Defendant was convicted by a jury on March 2, 2018.

2. Sentencing is scheduled for October 23, 2018.

3. In preparation for sentencing and preparing post conviction Rule 29 motions certain items of potential discovery appear to be missing from the governments pre-trial production.

4. *Brady* **Rule:**

The prosecution must disclose to the defense evidence that is favorable to a defendant *Brady v. Maryland*, 373 U.S. 83 (1963). This duty to disclose such evidence is applicable even though there has been no request by the accused *United States v. Agurs*, 427 U.S. 97, 107 (1976). Suppression by the prosecution of material exculpatory evidence violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution. Thus, violations can occur whether the government willfully

or inadvertently suppressed the evidence *Strickler v. Greene*, 527 U.S. 263, 280 281 (1999). In order to ensure compliance with these rules, the United States Supreme Court has urged the "careful prosecutor" to err on the side of disclosure. *Kyles v. Whitley*, 514 U.S. 419, 440 (1995).

5. **Schedules and Reports:**

We discovered that the text record for Sam Ruchlewicz highlighted numerous times weekly schedules, calendars and reports were provided by Mr. Ruchlewicz to the the FBI (1948-PH-2881713 Session 5708) throughout the course of the investigation. Reports and schedules which the defense never received.

During the course of the trial we had numerous debates regarding dates (ie. Meeting with Gary Strathern). All we had was the personal calendar of Mayor Pawlowski to support our position, if we had access to the calendar Sam submitted to the FBI, we could of used them to cross reference and collaborate the mayor's whereabouts, thus supporting an argument which was critical to the defense.

In addition the text record suggests that Mr. Ruchlewicz did post recoding reports to the FBI on his daily conversation (1948-PH-2881713 Session 21118), the defense should have received these reports to contrast his recollection of the conversations against the agents reports of events.

6. **Emails and Data:**

The text record also revealed that Mr. Ruchlewicz and Mr. Fleck turned over numerous devices to the Bureau with vast amounts of data pertaining to the case.

One text even references a conversation between Mr. Fleck and agent Curtis on 4/10/15 ( 1948-PH-2881713 Session 1857-1862) confirming the fact the Alison Fleck's tablet was turned over to the FBI. This is important since she managed the day to day operations for H

Street strategies and Fleck consulting and was a partner in business.

One shows that Fran Dougherty used his personal email account to send information to Sam Ruchlewicz, yet none of this data was turned over to the defense.

We also obtained a tablet device from a former H Street employee which clearly shows that there were numerous email conversations from Mike Fleck never provided to the defense even though during the course of the trial we were told in no uncertain terms that only a few emails existed. We further discovered that both Sam Ruchlewicz and Mike Fleck had numerous email accounts and cellular phones. The record shows the FBI clearly knew of these devices and accounts and had access to the data they possessed, yet none of this information was provided to the defense.

In one specific case we found a series of screen shots which highlights a conversation between Sam Ruchlewicz and Agent Scott Curtis (see attached photo). The label on the phone say SR2 and the number is (610) 703-6032. This was obviously a second phone used by Mr. Ruchlewicz during the course of the investigation, yet no evidence in the text record exists of messages utilizing this number.

During the trial there was much discussion about the text Mr. Ruchlewicz sent to Mr. Haddad on 6/30/15.  After thoroughly searching the text record provided, we could not find It anywhere in the text evidence meaning that it was most likely sent from another device utilized by Mr. Ruchlewicz. Either way the defense should of had it in our discovery material but we did not.

In addition on 1/20/2015 Mr Ruchlewicz text messages Agent Curtis about delegating text messages (1948-PH-2881713 Session 26138) and it's seems he was allowed to do so. I find extremely ironic in light of the prosecutions focus on Mayor Pawlowski's deletion of

the Haddad text message.

      Finally Michael Fleck also had and additional phone 484-225-4376 of which no evidence was provided during discovery.

    7.    Defendant through counsel is specifically requesting:

        A)    All files from Mike, Allison and Sam's personal home computers (they both had several tablets, again text message between Sam/Mike and the agents confirm they had this material. Also the device we received shows their were additional email information never provided.

        B)    All records from the H Street Strategies Office's upon closure.  Files from all computer servers at the H Street office office (they each had a desktop) Text messages from agents clearly show they obtained this material and even engaged Sam to assist in this process which was highly improper.

        C)    All weekly reports and schedules submitted to FBI from Sam. Text messages confirm they had this information.

        D)    Emails and text messages from Mike's additional phone (484-225-4376) and Sam's additional phones (610-703-6032) and additional email accounts Sam.Ruchlewicz@gmail.com, mpfleck1313@gmail.com, mfleck@hamiltondevelopmentpartners.com, sam@hamiltondevelopmentpartners.com, afleck@hstettstrategies.com, mfleck@hstreetstrategies.com, sam@hstreetstrategies.com, sam@7pointsconsulting.com, mike@7pointsconsulting.com, Alison@7pointsconsulting.com

        E)    All documents from Fran Daugherty's personal computers (Again we have

confirmation Fran was using his personal devices to communicate with Sam and Fleck, now data received from these devices.

8. **_Brady_ Law:**

In the U.S. Supreme Court Case Kyles v. Whitley, 514 U.S. 419 the court stated, "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence."

It also noted that this test was not a sufficiency of the evidence test. "A defendant need not demonstrate that after discounting the inculpatory evidence in light of the undisclosed evidence, there would not have been enough left to convict."

In addition the third circuit opined in Jerry Reeves vs District Attorney of Dauphin County No.17-1043, which was a Brady appeal with Habeas granted that was just released May 16, 2018 in the following; "Beyond the recognition that impeachment evidence is covered by Brady, the essence of the United States Supreme Court's Brady jurisprudence focuses on the benefits of disclosure to the defense, not admissibility. This is evidenced by the definition of materiality itself. Kyles provides that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 514 U.S. at 433– 34 (1995) (quoting Bagley, 473 U.S. at 682 (opinion of Blackmun, J.)) (emphasis added). Quite simply, under Brady, the focus of the inquiry is on whether the information had "been disclosed to the defense," not whether it was admissible at trial."

The 3rd circuit further points to a recent decision in Johnson v. Folino, 705 F.3d 117 (3d Cir. 2013) to affirm the view that inadmissible evidence is often very material:

"Inadmissible evidence may be material if it could have led to the discovery of admissible evidence. Furthermore . . . we think that inadmissible evidence may be material if it could have been used effectively to impeach or corral witnesses during cross-examination. Thus, the admissibility of the evidence itself is not dispositive for Brady purposes. Rather, the inquiry is whether the undisclosed evidence is admissible itself or could have led to the discovery of admissible evidence that could have made a difference in the outcome of the trial sufficient to establish a "reasonable probability" of a different result."

**WHEREFORE,** Defendant respectfully requests the foregoing motion to compel post conviction discovery / Brady material be granted.

Respectfully Submitted,

*[signature: Jack McMahon]*

Dated: 10.22.18                                        Jack McMahon, Esquire

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on this date a copy of the foregoing Motion to compel post conviction discovery / Brady material was electronically served, by the Court's electronic case filing system, upon the following:

Anthony Wzorek, AUSA
Michelle Morgan, AUSA
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Date: 10.22.18                                    /s/ Jack McMahon

                                                                                     Jack McMahon