IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 17-390 |
| EDWIN PAWLOWSKI<br>SCOTT ALLINSON | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO COMPEL POST-CONVICTION DISCOVERY/*BRADY* MATERIAL**

The United States of America, by and through Jennifer Arbittier Williams, First Assistant United States Attorney for the Eastern District of Pennsylvania, and Michelle L. Morgan and Anthony J. Wzorek, Assistant United States Attorneys for the District, hereby responds to defendant's motion to compel post-conviction discovery/*Brady* material (D.E. #237). The motion is frivolous and should be denied.

**I.    BACKGROUND**

Defendant Edwin Pawlowski, the then-Mayor of Allentown, Pennsylvania, engaged in an extensive pay-to-play conspiracy in which he solicited and accepted campaign contributions in exchange for contracts and other assistance from the City of Allentown. He also conspired to defraud companies bidding on City of Allentown contracts by misrepresenting to them that the city contracting process would be fair and equitable. When confronted by the FBI in July 2015, Pawlowski lied about his actions.

On March 1, 2018, after a six-week trial, a federal jury convicted Pawlowski of one count of conspiracy to commit wire fraud, honest services mail fraud, honest services

- 1 -

wire fraud, bribery, and Travel Act bribery, in violation of 18 U.S.C. § 371; eleven counts of bribery/soliciting, in violation of 18 U.S.C. § 666(a)(1)(b); two counts of attempted Hobbs Act extortion, in violation of 18 U.S.C. § 1951; six counts of mail fraud, in violation of 18 U.S.C. § 1341; nine counts of wire fraud, in violation of 18 U.S.C. § 1343; two counts of honest services mail fraud, in violation of 18 U.S.C. §§ 1341, 1346; six counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346; three counts of Travel Act bribery, in violation of 18 U.S.C. § 1952(a)(3); and seven counts of material false statements to the FBI, in violation of 18 U.S.C. § 1001.[1]

The defendant remained on bail pending sentencing. In its sentencing memorandum, the government moved for remand upon imposition of sentence. Then, on October 22, 2018, the day prior to sentencing, the defendant filed the instant motion, alleging that the government had failed to turn over certain evidence during discovery.

The government immediately responded and provided the defendant with a discovery spreadsheet and other documentation reflecting that the requested items either had been disclosed to the defendant or were not in the government's possession. The defendant did not press his motion, and the Court proceeded to sentencing on October 23, 2018. Pawlowski was sentenced to a term of imprisonment of 180 months and immediately remanded into custody. He then presented a motion to the Court seeking

---

[1] Post-conviction, the district court granted a defense motion under Rule 29 on two counts of bribery-soliciting and two counts of Hobbs Act extortion. The government moved to dismiss three counts of wire fraud and two counts of honest services wire fraud. The defendant ultimately was sentenced on 38 counts of conviction.

bail pending appeal, which was denied. The defendant then filed an appeal of his conviction and sentence, and moved in the Third Circuit for bail pending resolution of the appeal.

Defendant Allinson, whose case is pending before the Third Circuit, moved to stay that proceeding and relatedly moved in this Court to join in the instant motion. This Court granted that request. The Third Circuit has yet to rule on the motion to stay.

## II. DISCUSSION

### A. **Legal Standard.**

Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the government is required to disclose evidence that is favorable to the accused and material either to guilt or punishment. To establish a due process violation under *Brady*, a defendant must make three showings: "(1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material either to guilt or to punishment." *United States v. Pelullo*, 399 F.3d 197, 209 (3d Cir. 2005). Evidence is material if there is a reasonable probability that the evidence in question would affect the outcome of the trial. *See Kyles v. Whitley*, 514 U.S. 419, 433-37 (1995) (framing the inquiry as whether "there is a reasonable probability that if this evidence, viewed collectively, had been turned *63 over to the defense, the outcome would have been different."). The "mere possibility" that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense. *See United States v. Agurs*, 427 U.S. 97, 109-10

(1976). Rather, "[a] reasonable probability [amounts to] a probability sufficient to undermine confidence in the outcome." *United States v. Perdomo*, 929 F.2d 967, 971 (3d Cir. 1991), quoting *United States v. Bagley*, 473 U.S. 667 (1985). Georgiou's arguments fail every prong of the *Brady* standard.

### B. The Discovery Requested by the Defendant Either Was Produced Prior to Trial or Was Not in the Government's Possession, Custody or Control.

Given that all of the items requested by the defendant were either produced or made available prior to trial, or were not in the government's possession, custody or control because the government did not obtain them, the defendant's motion is frivolous. The defendant clearly recognized its frivolity by proceeding to sentencing without pressing the motion. At best, this motion was a media stunt designed to shift the public's focus on the literal eve of sentencing, and at worst, a thinly-veiled, failed attempt to keep the defendant home for the holidays.

The defendant blithely cites to *Brady* in a purely inflammatory manner without drawing any connection between the items he seeks and the standard set forth above. Indeed, the defendant cannot even meet the threshold requirement to credibly establish that *any* evidence was withheld, as set forth in detail below. In essence, the defendant is asserting that the government should have obtained additional evidence that the government opted not to pursue, and that was equally available to the defense via subpoena. The defendant has no basis to assert in hindsight how the government should have investigated its case, and his claim is meritless.

The defendant seeks five categories of items, which are addressed in turn below.

1. **"All files" from the home computers of Mike Fleck, Allison Fleck, and Sam Ruchlewicz.** The FBI seized and imaged Alison Fleck's personal tablet, Mike Fleck's personal laptop computer, and Sam Ruchlewicz's personal laptop computer. All of this content was produced and is referenced in forensic reports of the Regional Computer Forensic Laboratory ("RCFL"), including a Microsoft Excel spreadsheet detailing discovery that was produced (which was provided to the defense), an RCFL Report of Examination produced at RCFL-Report-000001-000008 dated June 1, 2016, an FBI-1087 dated November 12, 2015, and/or an FBI-1087 dated December 2, 2015. As referenced in the documents, the personal desktop computer of Mike Fleck was seized but not examined, as it was not utilized for work, and in the government's view, unlikely to contain relevant information. In any event, it was available to the defendant for inspection upon request. Further, the defendant acknowledges that these items were discussed in text messages that the government produced, so he cannot credibly claim that the government was withholding evidence of their existence.

2. **"All records" and "files from all computer servers" from H Street Strategies.** Five boxes of paper records were scanned and produced, and numerous electronic documents were downloaded and produced, which are detailed on the Excel spreadsheet referenced above. Further, the defendant acknowledges that these items were discussed in text messages that the

government produced, so he cannot credibly claim that the government was withholding evidence of their existence.

3. **"Weekly reports and schedules" submitted to the FBI from Ruchlewicz.** Ruchlewicz's calendars spanning from September 3, 2014, through April 30, 2015, were produced and are detailed on the Excel spreadsheet, referenced at FBI-CHS-63803. All FBI-1023 forms were produced reflecting contact between Confidential Human Source ("CHS") Ruchlewicz and the FBI. Thus, the claims that the defense "never received" this information, Mot. at 2, is inaccurate. In addition, the government voluntarily produced all agent rough notes for the entire case, which it was not required to do. Finally, the defendant acknowledges that these items were discussed in text messages that the government produced, so he cannot credibly claim that the government was withholding evidence of their existence.

4. **Text messages from (xxx)xxx-4376.** The government does not recognize this number, which may have been an old number significantly pre-dating the investigation. Records for this number could have been subpoenaed by the defense.

   **Text messages from (xxx)xxx-6032.** The utilization of this number post-dated the time frame of the investigation and records for it were not obtained by the government. Records for this number could have been subpoenaed by the defense.

**Email accounts.** The government produced a federal search warrant dated July 17, 2014 for the Google drive entitled "7pointsconsulting" and the related email accounts, including those for sam@ and mfleck@, along with the content obtained. All other emails in the government's possession to, from or cc: to any of the below email addresses were produced. Indeed, as indicated below, the discovery was rife with emails to and from the domains hamiltondevelopmentpartners.com, hstreetstrategies.com, and 7pointsconsulting.com. The government was not required to subpoena accounts from which it did not desire additional information. These records could have been subpoenaed by the defendant.

- **Sam.ruchlewicz@gmail.com** This address is referenced in discovery approximately 52 times. Thus, the defendant had the opportunity to cross-examine on this information. The government did not subpoena or search this account, but the defendant could have subpoenaed additional information from this account if he so desired.

- **Mpfleck1313@gmail.com** This address is referenced in discovery approximately 88 times. Thus, the defendant had the opportunity to cross-examine on this information. The government did not subpoena or search this account, but the defendant could have subpoenaed additional information from this account if he so desired.

- **mfleck@hamiltondevelopmentpartners.com** This address is referenced in discovery approximately 1144 times.  Thus, the defendant had the opportunity to cross-examine on this information. The defendant could have subpoenaed additional information from this account if he so desired.

- **sam@hamiltondevelopmentpartners.com** This address is referenced in discovery approximately 3227 times.  Thus, the defendant had the opportunity to cross-examine on this information. The defendant could have subpoenaed additional information from this account if he so desired.

- **afleck@hstreetstrategies.com** This address is referenced in discovery approximately 181 times.  Thus, the defendant had the opportunity to cross-examine on this information. The defendant could have subpoenaed additional information from this account if he so desired.

- **mfleck@hstreetstrategies.com** This address is referenced in discovery approximately 2476 times.  Thus, the defendant had the opportunity to cross-examine on this information. The defendant could have subpoenaed additional information from this account if he so desired.

- **sam@hstreetstrategies.com** This address is referenced in discovery approximately 52 times.  Thus, the defendant had the opportunity to

cross-examine on this information. The defendant could have subpoenaed additional information from this account if he so desired.

- **sam@7pointsconsulting.com** This address is referenced in discovery approximately 5721 times.  As indicated above, the government provided returns from the search warrant on this account.  Thus, the defendant had the opportunity to cross-examine on this information. The defendant could have subpoenaed additional information from this account if he so desired.

- **mike@7pointsconsulting.com** This address is referenced in discovery approximately 153 times.  As indicated above, the government provided returns from the search warrant on this account. Thus, the defendant had the opportunity to cross-examine on this information. The defendant could have subpoenaed additional information this account if he so desired.

- **Alison@7pointsconsulting.com** This address is referenced in discovery approximately 32 times.  Thus, the defendant had the opportunity to cross-examine on this information. The government did not subpoena or search this account, but the defendant could have subpoenaed additional information from this account if he so desired.

5. **"All documents" from Francis Dougherty's personal computer(s).**  Mr. Dougherty's work cellular phone and computer were imaged and content was

produced, as indicated in the above-referenced documents.  His Yahoo email content also was produced following a consent search.  His personal computer was not seized, as his home was not searched, and there was no evidence that he used a home computer to further the charged conduct.  Defendant could have subpoenaed this item if he so desired.

In sum, the defendant is conducting a post-trial fishing expedition which he could have concluded prior to trial, as all of the evidence was at his disposal.  To the extent the government did not possess the items in question, the defendant could easily have subpoenaed these items on his own.  The government was not required to obtain additional information that it believed had no evidentiary value.

### III.   CONCLUSION

For the reasons set forth above, the defendant's motion to compel post-conviction discovery/*Brady* material should be denied.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
First Assistant United States Attorney


*/s Michelle L. Morgan*
MICHELLE L. MORGAN
ANTHONY J. WZOREK
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

>Jack McMahon, Esq.
>139 North Croskey Street
>Philadelphia, PA  19103
>
>William J. Winning, Esq.
>Megan Susan Scheib, Esq.
>Cozen and O'Connor
>1650 Market Street
>Suite 2800
>Philadelphia, PA  19103

>*/s Michelle L. Morgan*
>MICHELLE L. MORGAN
>Assistant United States Attorney

DATED:  November 14, 2018.