IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 17-390-1 |
| | : | No. 17-390-2 |
| EDWIN PAWLOWSKI | : | |
| SCOTT ALLINSON | : | |

**<u>ORDER</u>**

AND NOW, this 10th day of December, 2018, upon consideration of Defendant Edwin Pawlowski's Motion to Compel Post Conviction Discovery/Brady Material, in which Defendant Scott Allinson has joined, and the Government's response thereto, it is ORDERED the Motion (Document 237) is DENIED.[1]

---

[1] On March 1, 2018, Defendant Edwin Pawlowski, the former mayor of the City of Allentown, was convicted of numerous corruption-related offenses arising out of his orchestration of a pay-to-play scheme while holding public office. On October 22, 2018, the day before his sentencing hearing, Pawlowski filed the above-referenced motion to compel, which Defendant Scott Allinson has joined, alleging the Government failed to turn over evidence it was required to provide to the defense pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and requesting that the improperly withheld materials be provided.

Under *Brady* and its progeny, the prosecution has an affirmative duty to disclose to the defense evidence that is favorable to a defendant and material to either guilt or punishment. 373 U.S. at 87. To establish a *Brady* violation, a defendant must show that "(1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material either to guilt or to punishment." *United States v. Pelullo*, 399 F.3d 197, 209 (3d Cir. 2005) (internal citations and quotation marks omitted). Evidence is material if there is a reasonable probability that the evidence in question would affect the outcome of the trial. *See Kyles v. Whitley*, 514 U.S. 419, 433-37 (1995). "'A reasonable probability' is a probability sufficient to undermine confidence in the outcome" of the trial. *United States v. Bagley*, 473 U.S. 667, 678 (1985).

In his motion, Pawlowski argues the Government violated its *Brady* obligations by failing to disclose materials and seeks an order compelling disclosure of those materials. The Government maintains that the materials Pawlowski seeks either were produced to Pawlowski or were never in the Government's possession, custody, or control. Pawlowski's specific requests and the Government's responses are addressed below.

First, Pawlowski requests all files from the personal home computers of his campaign manager Michael Fleck, Fleck's wife (who managed Fleck's consulting business), and campaign aide Sam Ruchlewicz because those files contain "data pertaining to the case." *See* Mot. to

Compel 2-4. The Government acknowledges that Fleck's personal laptop, Fleck's wife's tablet, and Ruchlewicz's personal laptop were seized by agents of the Federal Bureau of Investigation (FBI), but it asserts that all content from these devices was produced, noting the production was referenced in several forensic reports, including in a discovery spreadsheet provided to the defense. Although Fleck's personal desktop was also seized, the Government did not examine the desktop, believing it was unlikely to contain relevant information, and thus content from that device is not in the Government's possession.

Second, Pawlowski requests all records and files from all computer servers from Fleck's consulting business at the time of its closure, noting that text messages from FBI agents demonstrate this material is also in the Government's possession. The Government responds that it produced five boxes of paper records and other electronic documents from these servers, and it notes the production was referenced in the discovery spreadsheet.

Third, Pawlowski seeks weekly reports, calendars, and schedules Ruchlewicz submitted to the FBI, explaining that this material would have provided impeachment material and collaboration of Pawlowski's whereabouts. The Government asserts that it produced Ruchlewicz's calendars from September 3, 2014, through April 30, 2015, as noted on the discovery spreadsheet. It also contends that it provided Pawlowski with forms reflecting when Ruchlewicz met with the FBI and FBI agent case notes.

Fourth, Pawlowski requests text messages from two telephone numbers—which he believes belong to Fleck and Ruchlewicz—and emails from ten email accounts. The Government asserts it did not obtain records for either of the telephone numbers, one of which it does not recognize, and for some of the email accounts. It further states that to the extent that it obtained content from the email accounts—pursuant to a search warrant or by other means—such material has been produced.

Finally, Pawlowski seeks all documents from the personal computers of Francis Dougherty, the City of Allentown's former managing director, because Dougherty used his personal email account to communicate with Ruchlewicz and Fleck from these computers. The Government responds that while content from Dougherty's work cellular phone, work computer, and Yahoo email account was produced, his personal computer was not seized and his home was not searched, and thus the requested items are not in the Government's possession.

Pawlowski has not filed a reply to the Government's response to his motion, and he therefore does not appear to contest the Government's representations as to what evidence has been produced in this case. The Government's response to Pawlowski's motion indicates that all the materials Pawlowski requests either have been produced by the Government or were not in the Government's possession, custody, or control, and thus refutes Pawlowski's claim of *Brady* violations. Furthermore, except for the weekly reports, calendars, and schedules submitted to the FBI by Ruchlewicz—which appear to have been turned over—Pawlowski fails to explain why the requested materials are *Brady* materials, i.e., favorable and material to his guilt or punishment. Accordingly, Pawlowski's motion is denied.

2

                              BY THE COURT:

                              /s/    Juan R. Sánchez
                              Juan R. Sánchez, C.J.