IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL NO. 17-390-02 |
| v. | : |
| | : |
| EDWIN PAWLOWSKI, | : |
| SCOTT ALLINSON | : |

**MOTION FOR RECONSIDERATION AND REQUEST FOR EVIDENTIARY HEARING ON DEFENDANTS' MOTION TO COMPEL POST CONVICTION DISCOVERY/BRADY MATERIAL**

Defendant, Scott Allinson, by and through undersigned counsel, hereby submits this Motion for Reconsideration and Request for Evidentiary Hearing on Defendants' Motion to Compel Post Conviction Discovery/Brady Material, and in support thereof, states the following:

1. On October 22, 2018, Defendant Pawlowski filed a Motion to Compel Post Conviction Discovery/Brady Material ("Brady Motion") in which Mr. Allinson subsequently joined.

2. The Government filed a response to the Brady Motion relying primarily upon bald assertions of what data it claims was or was not in its possession, what evidence it chose to examine or not examine, and pointing to a 64-page excel spreadsheet containing a list of bates numbers as arguably foreclosing the arguments raised by Defendants in the Brady Motion.

3. The Court in its Order and Memorandum denying the Brady Motion indicated that, since Defendants did not file a reply brief, Defendants "do[] not appear to contest the Government's representations". We respectfully submit, on behalf of Mr. Allinson, that is not the case.

4. Of note, this Court's policies and procedures instruct counsel that replies to non-dispositive motions may only be filed with leave of Court. Accordingly, the absence of a reply should not be construed as a concession or agreement with the representations of an opposing party's responsive pleading and was not intended as such on behalf of Mr. Allinson in the instant motion.

5. The pretrial discovery in this case was staggering – involving in excess of ten terabytes of data, hundreds of thousands of documents and tedious volumes of audio-visual recordings. Based upon the sheer volume of underlying data that the defense must sift through in order to evaluate the Government's representations, Mr. Allinson requests that an evidentiary hearing be scheduled that provides adequate time for the defense to verify that the discovery the Government claims was produced was actually produced, to examine on the record the Government's claims about what was and was not "in its possession" for purposes of *Brady* disclosures, and to obtain and review any such material that was improperly withheld pretrial.

6. The Government's response posited a novel theory of what constitutes data "in its possession" by arguing that even though it seized certain devices, since it did not "examine" the data contained on those devices, that content – therefore – was not in its possession. The Government cited zero authority for this proposition that runs far afoul of the spirit and aim of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

7. Examples of devices that the Government claims it did not examine and, therefore, cannot be said to have had possession of the contents, include a cell phone utilized by Sam Ruchlewicz and a personal computer used by Michael Fleck – devices belonging to the two key Government cooperators and the very lynchpins of the Government's entire case against Mr. Allinson.

8.     It is the trial prosecutor's duty to learn of *Brady* information.  The law is well-settled that a prosecutor's *Brady* disclosure obligation is not limited to information of which a prosecutor has actual knowledge – rather, a prosecutor has a nondelegable "duty to learn of" *Brady* information in the case.  *Kyles v. Whitley,* 514 U.S. 419, (1995).

9.     To adopt the Government's position here would embrace a perverse incentive for a prosecutor to shield him/herself from *Brady* information that may be exculpatory to the defense or valuable impeachment materials.  *See United States v. Brooks*, 966 F.2d 1500, 1502 (D.C. Cir. 1992).  Such a ruling "would be inviting and placing a premium on conduct unworthy of representatives of the United States Government."  *United States v. Perdomo*, 929 F.2d 967, 970 (3d Cir. 1991)(quoting  *Calley v. Callaway,* 519 F.2d 184, 223 (5th Cir.1975)).

10.    This Court should not condone any prosecutorial tactic that involves turning a blind eye to personal devices containing potentially vast amounts of data used and maintained by its star undercover cooperators during the exact time period that those individuals were working hand-in-hand with federal agents in a sting operation targeting both Defendants.  Instead, this Court should uphold the principle that, "'in the interests of inherent fairness,' the prosecution is obligated to produce certain evidence actually or constructively in its possession or accessible to it." *Perdomo*, 929 F.2d at 970 (citing *United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980) (quoting *Calley*, 519 F.2d at 223)).

11.     The potential materiality of the content from these devices is immediately apparent and undisputable as to Scott Allinson.  Virtually the entire case against Mr. Allinson depended upon surreptitiously recorded audio video files orchestrated by Ruchlewicz, Fleck and federal agents.  Indeed, the only Government witness to provide first-hand testimony against Mr. Allinson was Sam Ruchlewicz.  All other evidence relied upon by the Government in its case

against Mr. Allinson was in the form of agent testimony or the audio/video exhibits entered through Sam Ruchlewicz or the agent.

12. Another example of records sought by the Brady Motion include certain records maintained by Sam Ruchlewicz for the time period between April and July 2, 2015 – a critical time period for the charges against Mr. Allinson. The operative time period charged in the Indictment for the substantive bribery charge (Count Nineteen) was February 2015 through June 2015. In its response to the Brady Motion, the Government asserts that it produced this particular category of records but only through April 2015, with no explanation or basis for the absence of records subsequent to that date. It is undisputed that Ruchlewicz continued his cooperation and coordination with federal agents during this critically relevant time period.

13. As further evidence of the materiality of records maintained by Ruchlewicz during the April through June 2015 time period – the singular and only meeting between Mr. Allinson and his alleged coconspirator, then Mayor Pawlowski, took place on May 20, 2015. The contributions upon which the Government based its bribery theory against Mr. Allinson were made in June 2015. Any records or devices maintained by Sam Ruchlewicz during this critical time period, encompassing the seminal factual events identified in the Indictment squarely fall within the Government's obligation to identify and disclose *Brady* materials to the defense – whether or not the Government chose to examine the contents.

14. "By requiring the prosecutor to assist the defense in making its case, the *Brady* rule represents a limited departure from a pure adversary model." *United States v. Bagley*, 473 U.S. 667, 675 n.6 (1985). This is because "the prosecutor's role transcends that of an adversary: the prosecutor 'is the representative not of an ordinary party to a controversy, but of a

sovereignty…whose interest…in a criminal prosecution is not that it shall win a case, but that justice shall be done.'" *Id.* (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)).

15. For all of the above reasons, and those set forth in the Brady Motion, we respectfully ask that the Court reconsider its decision denying Defendants' request to compel post-conviction discovery and, further, respectfully ask this Court to enter an Order scheduling an evidentiary hearing and oral argument on the fundamental legal and factual issues raised by the instant Motion.

Respectfully submitted,

COZEN O'CONNOR

By: /s/ Megan S. Scheib
Megan S. Scheib
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 665-2000
Attorney for Defendant Scott Allinson

**CERTIFICATE OF SERVICE**

I certify that on December 20, 2018, a true and correct copy of the foregoing was served via ECF on the following:

Michelle L. Morgan, Esq.
Antony J. Wzorek, Esq.
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
michelle.morgan2@usdoj.gov
anthony.wzorek@usdoj.gov

Jack McMahon, Esq.
139 North Croskey Street
Philadelphia, PA 19103
mcmahonlaw@hotmail.com
*Counsel for Defendant Edwin Pawlowski*

/s/ Megan S. Scheib
Megan S. Scheib, Esq.
Attorney for Defendant Scott Allinson