IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL DOCKET NO. 5:17-cr-00390 |
| | : | |
| EDWIN PAWLOWSKI | : | HONORABLE JUAN R. SANCHEZ |

**EMERGENCY MOTION FOR TEMPORARY RELEASE TO HOME CONFINEMENT - COVID-19 PURSUANT TO 18 U.S.C. SECTION 3582(c)(1)**

1. Defendant was sentenced by this Court on October 24, 2018 to 180 months in prison.

2. The crimes defendant was sentenced for were non-violent bribery and mail/wire fraud charges for illegal campaign contributions.

3. Defendant filed Notice of Appeal and filed a brief in connection with that Notice on May 10, 2019.

4. All activity was stayed on defendant's filed brief for consolidation with co-defendant Scott Allison's appeal on some similar legal issues.

5. 18 U.S.C 3582 (c) allows for modification of a defendant's sentence for extraordinary and compelling reasons.

6. The statute states under section (c)

    (1) in any case –

    (a) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facililty, whichever is learlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

    (1) extraordinary and compelling reasons warrant such a reduction.

7.     The extraordinary and compelling reasons are as follows:

As of March 12, 2020 the new strain of coronavirus which causes COVID-19 has infected over 132,300 people, leading to at least 4, 954 deaths worldwide. On March 11, 2020, the World Health Organization officially classified COVID-19 as a pandemic. President Trump declared a State of Emergency. As of 3/20/20 there are 159 positive cases of COVID-19 in Connecticut and three deaths.

The CDC has issued guidance that individuals of higher risk of contracting COVID-19 -- adults over 60 years old and people with chronic medical conditions [such as lung disease, heart disease, and diabetes] – take immediate preventative actions, including avoiding crowded areas and staying home as much as possible. With confirmed cases in Connecticut that indicate community spread, we must take every necessary action to protect vulnerable populations and the community at large.

8.     Conditions of confinement create the ideal environment for the transmission of contagious disease. Inmates cycle in and out of detention facilities from all over the world and the country, and people who work in the facilities, including correctional officers and care and service providers leave and return daily, without screening. Incarcerated people have poorer health than the general population, and even at the best of times, medical care is limited. Many people who are incarcerated also have chronic conditions like diabetes or HIV, which makes them vulnerable to severe forms of COVID-19. According to public health experts, incarcerated individuals "are at special risk of infection, given their living situations," and "may also be less able to participate in proactive measures to keep themselves safe;" "infection control is challenging in these settings." Outbreaks of the flu regularly occur in jails, and during the H1N1

epidemic in 2009, many jails and prisons dealt with high numbers of cases. In China, officials have confirmed the coronavirus spreading at a rapid pace in Chinese prisons, counting 500 cases. Secretary of State Mike Pompeo has called for Iran to release Americans detained there because of the "deeply troubling" reports that COVID-19 has spread to Iranian prisons," noting that "their detention amid increasingly deteriorating conditions defies basic human decency." Courts across Iran have granted 54,000 inmates furlough as part of the measures to contain coronavirus across the country. In the U.S. steps are already being taken in some jurisdictions to facilitate the release of elderly and sick prisoners and to reduce jail populations by discouraging or refusing the admission of individuals arrested on non-violent misdemeanor charges.

9. The Defendant, Edwin Pawlowski, is currently housed at Danbury FCI, a low security facility for crimes related to campaign financing. Mr. Pawlowski has a number of health conditions which place him in HIGH risk category under the COVID-19 protocols. Mr. Pawlowski is 55 years old and has had a pulmonectomy in which his entire left lung was removed. He has been treated in the prison for heart issues within the last year. He has Hepatitus in his right eye requiring him to take Acyclovid (an anti-viral drug) on a daily basis thus compromising his immune system. Under Coronavirus guidelines Mr. Pawlowski would be considered severely at risk if he contracted the virus.

10. The health services at Danbury are inadequate to handle severe cases and the facility has no access to pulmonary respirators which will be needed if Mr. Pawlowski contracts the virus. The local hospital in Danbury has already turned away inmates who need medical care but have not been tested for COVID-19. The facility provides no hand sanitizers, limited cleaning products and overcrowded facilities with 70 men to a unit.

11. Mr. Pawlowski was sentenced for a non-violent crime to a significant period of incarceration. Mr. Pawlowski, however, was not sentenced to a punishment that has an extreme likelihood of killing him.

12. If temporarily released, Mr. Pawlowski will reside in his longtime home in Allentown with his wife and two children, virtually on house arrest lockdown like the rest of the citizens of Pennsylvania.

13. Attorney General William Barr issued a memo on April 3, 2020 regarding the use of home confinement for institutions most affected by COVID-19. (See attached memo). FCI Danbury is Clearly one of such institutions. This memo puts no caveats on the length of the sentence being served or balance of sentence remaining. The only issues are safety to community (therefore only non-violent crimes) and safety of the inmate (vulnerable inmate).

14. With these two concerns and objectives it is crystal clear that Mr. Pawlowski should be released to <u>temporary</u> home confinement. Mr. Pawlowski is no danger to community and due to CDC criteria is an extremely vulnerable inmate. Mr. Pawlowski received an extraordinarily tough sentence but a high probability of death was not one of the sentencing components.

15. Mr. Pawlowski has pursued his administrative remedies. Letters dated April 4, April 6 and April 27 to the BOP administrator demonstrate this effort. (See attached 3 letters).

16. The situation in FCI-Danbury is only getting worse. They have now had three deaths. Mr. Pawlowski is housed with 70 other men in one area. It is highly probable that he will be infected with COVID-19 and if so, a high probability of death exists due to his health circumstances, including only having one lung.

17. It should be noted and understood that Mr. Pawlowski is not seeking the actual sentence be changed to home confinement; rather, he is requesting home confinement while on appeal and until the conditions improve to a point where his life is not in serious jeopardy.

**WHEREFORE,** it is requested that this Court immediately enter an Order releasing Mr. Pawlowski to home confinement to his residence in Allentown, PA, and to remain there pending appeal and/or safer living conditions.

                                                  Respectfully Submitted,

Dated: 05.04.20                                                         Jack McMahon, Esquire

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on this date a copy of the foregoing Motion for Temporary Release to Home Confinement - COVID-19 Pursuant to 18 U.S.C. Section 3582(c)(1) was electronically served, by the Court's electronic case filing system, upon the following:

Anthony Wzorek, AUSA
Michelle Morgan, AUSA
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Date: 05.04.20

/s/ Jack McMahon

Jack McMahon