UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
Plaintiff

v.                                  Criminal Action No. 17-390-1
                                    District Court No. 5:17-cr-00390-001

EDWIN PAWLOWSKI
Defendant

## MOTION TO AMEND JUDGEMENT AND COMMITMENT

Come now, Edwin Pawlowski, Defendant, Pro Se, to respectfully move this humble court to alter or amend judgement and commitment of restitution pursuant to 18 U.S.C.S. 3663 (A)(b)(i)(1), 18 U.S.C.S. §3664(e), 18 U.S.C.S. § 3579(b)(1)(B) and 18 U.S.C.S. § 3231. For the reasons stated below, the court should reduce the amount of the defendant's restitution.

In support thereof, the defendant states as follows:

1. The Defense submitted objections to the calculations of loss by the United States Probation Office on June 22, 2018, stating the inappropriateness of a 16 level enhancement in sentencing under U.S.S.G § 2C1.1(b)(2) and probation's calculation loss of $2,194,704.

2. On October 26, 2018, the court adopted a stipulated loss figure of $107,349 for sentencing purposes under U.S.S.G. § 2C1.1.

3. The Government objected to Probation's loss calculations regarding a city pool renovation contract, in that it could not meet the burden of proof for a $1.6 million dollar loss siting <u>United States v. Lianidas</u>, 599 F 3d 273, 278 (3rd Cir. 2010).

4. The court imposed a restitution figure of $93,749 of which the following amounts were to be dispersed: $35,000 to the City of Allentown for the Ciiber Virus Contract,

$31,000 to Linebarger-Goglin Law Firm, $18,749 to Johnson Controls, $5,000 to MKSD Architects, $2,000 to the Protonoff Law Firm and $2,000 to Integrated Aquatics.

4. No evidence of net value or benefits received in support of these monetary amounts was presented to the court or articulated by the prosecution regarding the imposed restitution amount. USA v. Vitilic, 490 F. 3d 314, 370 (3rd Cir. 2007).

5. In United States v. Lianids, the Third Circuit, observing that the burden is upon the government to show benefit received, held that direct costs, but not indirect costs, should be deducted when calculating net value. As previously stated, in calculating the Defendant's restitution amount, the Government provided no evidence to the court of benefit received by these previously mention vendors or their direct costs.

6. In USA v. Quillian, 335 F. 3d 219, 2003 U.S. App. No. 02-3059 (3rd Cir. 2003) it states, "The U.S Court of Appeals for the Third Circuit has interpreted 18 U.S.C.S. 3663(A)(b)(1) not to authorize consequential damages. Instead, restitution must be limited to an amount pegged to the actual losses suffered by the victims of the defendant's criminal conduct, and based upon losses directly resulting from said conduct."

7. The Third Circuit affirmed in USA v. Logan, 975 F. 2d 958 (3rd Cir. 1992) that, the district court is required to make specific findings as to the factual issues that are relevant to the application of the restitution provisions of the Victim and Witness Protection Act, 18 U.S.C.S. §§ 3579-3580. Thus, factual findings are required concerning (1) the amount of loss sustained by the victims, (2) the defendant's ability to make restitution, and (3) how the amount of restitution imposed relates to any loss caused by the conduct underlying the offenses for which defendant remains convicted.

8. In relation to the Ciiber Contract, there is no evidence in the record of any net value or benefit received by the contractor. The contract with the city was never executed due to a non-response for insurance by the contractor. Thus there was no loss or direct harm to the contractor (who was never called to testify by the government) or the city since the contract was never executed. Restitution is proper only for losses directly resulting from the defendant's offense, USA v. Tyler, 767 F 2d 1350 (9th Cir. 1985) siting United States v. Burger, 739 F. 2d 805, 811 (2nd Cir. 1984). In the case

of the Ciiber contrat, NO loss, except that tangentially linked was suffered by the victims or calculation of loss presented to the court, USA v. Kanes, 77 F. 3d 66, 70 (3rd Cir. 1996). Thus the amount of $35,000 should be removed from the restitution calculation in accordance with 18 U.S.C.S. 3663(A)(b)(1) and the Third Circuit ruling in Kanes.

9. The restitution amount of $2,000 to the Portonoff law firm was inappropriately applied since the the principle of the firm Michele Portonoff testified in court that contribution was made based on the positive work of the Defendant (Trial Transcript: Jan. 25, 2018, Pages 158 (9-23) and the Defendant was found not guilty of this charge by the jury. Thus the amount of $2,000 should be removed from the restitution amount and amended in the judgement.

## Conclusion

10. The Third Circuit Court of Appeals has well established case law regarding the the calculation and imposition of restitution.

11. The defendant, Mr. Pawlowski, respectfully urges this court to re-examine the terms of restitution and reevaluate the amounts of restitution outlined in the court's final judgement to coincide with the United States Code and Third Circuit case law.

## Prayer for Relief

Wherefore premises are considered, Mr. Edwin Pawlowski pray's that the forgoing relief sought is hereby granted respectively:

A. Assume subject jurisdiction and amend amounts in the judgement of restitution under 18 U.S.C.S. § 3663 (A)(b)(1) and 18 U.S.C.S. § 3664 (e).

B. Order the restitution amount and judgement to be reduced by $37,000 ($2,000 Protonoff Law Firm and $35,000 Ciiber).

C. Order the release of Mr. Pawlowski's seized pension funds in the amount of $37,000.

Respectfully Submitted,
Edwin Pawlowski, ProSe

Declaration

I hereby declare under the penalty of perjury that the above facts are true and correct to the best of my knowledge. 28 U.S.C. § 1746.

Date: 9/20/21       Signature: [signature]

Certificate of Service

I hereby certify on this 20th day of September 2021, copies of the foregoing was mailed to the following:

Anthony Wzorek, AUSA
Office of the U.S. Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Respectfully Submitted,

[signature]
Edwin Pawlowski. ProSe

76166-066
Federal Correctional Inst
Ed Pawlowski 76166-066
33 1/2 Pembroke RD
Danbury, CT 06811-3099
United States

SEP 24 2021

CERTIFIED MAIL

7152 9511 9000 0490 5102

Clerk of Courts
Jame A. Byrne United States Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1729

FEDERAL CORRECTIONAL INSTITUTION DANBURY
33 1/2 PEMBROKE ROAD, DANBURY CT, 06
DATE: 9/11/
THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAIL PROCEDURES FOR FORWARDING TO YOU.
THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED.
IF THE WRITER RAISES A QUESTION OR PROBLEM
(WHICH...)
MAY...

U.S.M.S.
X-

