IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 17-390-1 |
| | : | |
| EDWIN PAWLOWSKI | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                 **January 5, 2023**

Petitioner Edwin Pawlowski, currently serving a 180-month term of imprisonment for a slew of corruption-related offenses, moves for a new trial pursuant to Federal Rule of Criminal Procedure 33 on the basis of newly discovered evidence. He alleges the Government withheld exculpatory evidence at trial and requests an evidentiary hearing to discern the extent of the violations. Because the evidence Pawlowski claims is newly discovered was in fact produced during discovery, is not material, or does not suggest the possibility of acquittal, Pawlowski's motion will be denied.

**BACKGROUND**

On March 1, 2018, Pawlowski, the former mayor of the City of Allentown, Pennsylvania, was convicted of 38 counts of corruption-related offenses arising out of his orchestration of a wide-ranging pay-to-play scheme while in public office. The Court later sentenced him to 180 months of incarceration.

After his conviction, Pawlowski filed a motion to "Compel Post Conviction Discovery/Brady Material." *See* Def.'s Mot. Compel 1, ECF No. 237. This motion alleged the Government failed to turn over the following evidence: (1) reports and schedules from Sam Ruchlewicz; (2) a tablet from Alison Fleck; (3) data from Fran Dougherty; (4) emails from Mike Fleck; (5) second phones and email accounts from Ruchlewicz and Fleck; and (6) texts deleted by

Ruchlewicz. *See id.* at 4-5. The Court denied this motion, as Pawlowski failed to contest the Government's assertion that the requested content was either produced during discovery or never in the Government's possession. Order, Dec. 10, 2018, ECF No. 258.

Sixteen months later, Pawlowski made a similar filing entitled "Motion for Evidentiary Hearing Contingent Upon Newly Discovered Exculpatory Brady Type Material." Def.'s Mot. Hearing 1, ECF No. 289. In this motion, Pawlowski asserts the existence of the following exculpatory evidence not turned over during discovery: (1) various iPods, computers, and phones from Ruchlewicz; (2) a second cell phone from Fleck; (3) tape recordings between a confidential informant and an unknown public official; (4) the Government's intent to deprive Pawlowski of money to pay for an attorney; and (5) the Government's entrapment techniques and strategies. *See id.* at 4-8. The existence of this evidence was allegedly discovered through a podcast interview given by Special Agent Scott Curtis on May 2, 2019, focusing on his experience investigating the Pawlowski case. *Id.* at 3. Pawlowski had filed an appeal of his sentence, so this Court entered an Order holding the motion in abeyance pending the outcome of that appeal. Order of Jan. 29, 2021, ECF No. 310. As the Third Circuit Court of Appeals has affirmed Pawlowski's sentence, the motion is now ripe for adjudication.

**STANDARD OF REVIEW**

A Court may grant a new trial under Rule 33 "if the interest of justice so requires." Fed. R. Crim. P. 33. The decision to grant such a motion lies "within the district court's sound discretion." *United States v. Ortiz*, 182 F. Supp. 2d 443, 446 (E.D. Pa. 2000) (internal quotation marks and citation omitted). In the Third Circuit, Rule 33 motions are disfavored and "should be granted sparingly and only in exceptional cases." *Gov't of V.I. v. Derricks*, 810 F.2d 50, 55 (3d Cir 1987).

To show that a new trial is necessary on the ground of newly discovered evidence, a plaintiff must show:

> (a) the evidence must be in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the [defendant]; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Kelly*, 539 F.3d 172, 181-82 (3d Cir. 2008) (internal citation omitted). The movant has a "heavy burden of proving each of these requirements." *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006).

A court need not hold an evidentiary hearing in every case where a defendant seeks a new trial on the basis of newly discovered evidence. *United States v. Herman*, 614 F.2d 369, 372 (3d Cir. 1980). Instead, a Rule 33 motion may be decided "either on affidavits *or* after an evidentiary hearing." *Kelly*, 539 F.3d at 188 (emphasis added). The decision to not hold a hearing is especially sound when a record on the issue was developed at trial, and when the judge who rules on the motion also presided at trial. *Herman*, 614 F.2d at 372. A hearing is only required in "exceptional circumstances." *United States v. Bergrin*, Civ. No. 20-2828, 2022 WL 1024624, at *7 (3d Cir. Apr. 6, 2022) (quoting *United States v. Glinn*, 965 F.3d 940, 942 (8th Cir. 2020)).

**DISCUSSION**

The motion now before the Court asserts the existence of five pieces of newly discovered evidence: (1) devices from Ruchlewicz; (2) a cell phone from Fleck; (3) recordings between a confidential informant and a public official; (4) the Government's intent behind seizing Pawlowski's assets; and (5) the Government's entrapment strategy. Def.'s Mot. Hearing 5-8, ECF No. 289. Because the Court already considered the first and second items, they need not be addressed again here. *See* Order, Dec. 10, 2018, ECF No. 258. The balance of the remaining

evidence Pawlowski claims is newly discovered does not satisfy the heavy burden of proving the need for a new trial. *See Cimera*, 459 F.2d at 458. The evidence was either not "newly discovered" within the meaning of Rule 33, is not material, or does not suggest that, but for its absence, Pawlowski would have been acquitted. *See Kelly*, 539 F.3d at 181-82. Accordingly, the motion will be denied.

First, Pawlowski claims Curtis, while speaking on the podcast, identified recordings made between a confidential informant and a public official which were not disclosed during discovery. Def.'s Mot. Hearing 5, ECF No. 289. Almost all of these conversations, however, were in fact turned over to the defense on August 3, 2017. Gov't.'s Resp. 2, ECF No. 336 (screenshots of discovery hard drive). The Government admits the FBI inadvertently failed to produce four recordings. Gov't.'s Mem. Opp. Def.'s Mot. Hearing 8-9, ECF No. 333. The content of three of the four of these recordings was disclosed to Pawlowski before trial, notwithstanding the Government's unintentional withholding of the recordings themselves, their content was disclosed before trial. *See* Aff., Nov. 25, 2013 at 3, ECF No. 336-1 (noting the affidavit included "[s]ummaries of recorded conversations"). The information gleaned from all four of these recordings was also entirely inculpatory, meaning they were not *Brady* material and would not have supported Pawlowski's acquittal.[1] Because the Government turned over all but four recordings, and each of these contained inculpatory information—the majority of which was previously shared—Pawlowski's allegedly new discovery of them does not warrant a new trial.

---

[1] Transcripts or summaries of three of the four recordings were produced during discovery and contain wholly inculpatory information. *See* Third Fifteen Day Report 8-9, ECF No. 336-3 (suggesting payment in exchange for support in transferring a liquor license); *id.* at 9-10 ("We took care of that liquor thing for you."); Aff., Mar. 31, 2014 at 155, ECF No. 342-1 (describing payment in exchange for favorable treatment in development project). The fourth recording, made on July 12, 2014, has been reviewed by the Court *in camera* and does not contain any exculpatory information.

Second, Pawlowski claims Curtis' interview revealed new evidence of the FBI's alleged "entrapment" strategy. Def.'s Mot. Hearing 6, ECF No. 289. Curtis shared that the FBI hired an undercover agent to act as a potential developer in determining whether Pawlowski was soliciting "pay-to-play" bids. *Id.* at 7. Again, the Government disclosed this information during discovery, as it was included in Curtis' wiretap affidavit. *See* Aff., Nov. 25, 2013 at 3, ECF No. 336-1 (revealing the use of an undercover FBI employee in the investigation), *id.* at 11 (describing how the undercover agent posed as a potential developer and used a confidential source to gain access to Pawlowski's associates). Therefore, the evidence is not newly discovered.

Finally, Pawlowski alleges Curtis revealed for the first time an allegedly improper motive in the FBI's impoundment of three bank accounts. Def.'s Mot. Hearing 6, ECF No. 289. In his interview, Curtis stated that he seized funds from Pawlowski's campaign accounts because Pawlowski "could utilize those campaign funds to pay for attorneys to defend himself in this investigation. So we wanted to minimize his opportunity to do that and cut off the funding there." *Episode 164: Scott Curtis – Mayor of Allentown, Campaign Contribution Bribery*, FBI RETIRED CASE FILE REVIEW WITH JERRI WILLIAMS (May 1, 2019), https://jerriwilliams.com/episode-164-scott-curtis-mayor-of-allentown-campaign-contribution-bribery/.

Seizing assets intended for payment of an attorney is permissible. *See Luis v. United States*, 578 U.S. 5, 12 (2016); *United States v. Monsanto*, 491 U.S. 600, 616 (1989) ("The Government may—without offending the Fifth or Sixth Amendment—obtain forfeiture of property that a defendant might have wished to use to pay his attorney."). Again, the fact of the assets' seizure is not newly discovered. *See* Aff., Apr. 4, 2016 at 21-22, ECF No. 336-2. Curtis' musings on the "perceived strategic benefits" of this decision are not material to the issues resulting in Pawlowski's conviction. *See* Gov't.'s Mem. Opp. Def.'s Mot. Hearing 13, ECF No. 333; *Kelly,*

5

539 F.3d at 181. At most, evidence of the Government's strategy might be impeaching, which is insufficient to establish cause for a new trial under Rule 33. *See Kelly*, 539 F.3d at 181. Finally, there is no suggestion of prejudice such that Pawlowski would have been acquitted with this evidence in hand, given he had the same counsel before, during, and after the seizures. *See* Gov't.'s Mem. Opp. Def.'s Mot. Hearing 13, ECF No. 333. As with his two other claims, Pawlowski has not met the requirements for a new trial.

A district court need only order an evidentiary hearing on a Rule 33 motion if the petitioner shows "clear, strong, substantial and incontrovertible evidence" of impropriety. *United States v. James*, 513 F. App'x 232, 233 (3d Cir. 2013) (internal citation omitted). Because Pawlowski has not met this burden, the Court need not hold a hearing on the matter. Pawlowski's motion will be denied.

An appropriate Order follows.

                                            BY THE COURT:

                                            /s/ Juan R. Sánchez
                                            Juan R. Sánchez, C.J.